**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| LONGI GREEN ENERGY TECHNOLOGY CO. LTD. | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 2:25-cv-00048 |
| | § | |
| JINKO SOLAR CO., LTD., JINKOSOLAR | § | **JURY TRIAL DEMANDED** |
| HOLDING CO., LTD., JINKOSOLAR | § | |
| (VIETNAM) INDUSTRIES CO. LTD., and | § | |
| JINKO SOLAR TECHNOLOGY SDN. | § | |
| BHD, | § | |
| | § | |
| Defendants. | § | |

**<u>DEFENDANTS' MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS</u>**

# TABLE OF CONTENTS

DEFENDANTS' MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS ...................................................................................................... i

TABLE OF CONTENTS .................................................................................... ii

TABLE OF AUTHORITIES ............................................................................. iv

I.      INTRODUCTION ................................................................................ 2

II.     FACTUAL BACKGROUND ................................................................ 3

        A.      The Complaint and Service ...................................................... 3

        B.      Defendants and JinkoSolar (U.S.) Inc. ................................... 3

II.     LEGAL STANDARD ........................................................................... 8

        A.      Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(5) ................... 8

        B.      Methods of Service on a Foreign Defendant Under Rule 4 ................................. 8

III.    ARGUMENT ...................................................................................... 11

        A.      The Factors Heavily Weigh Against Finding That JinkoSolar (U.S.) Inc. Is the Alter Ego of Each Defendant ........................................ 13

                1.      Defendants and JinkoSolar (U.S.) Inc. Have Separate Headquarters ....... 13

                2.      Defendants and JinkoSolar (U.S.) Inc. Observe Corporate Formalities ............................................... 13

                3.      Defendants and JinkoSolar (U.S.) Inc. Maintain Separate Accounting Systems ................................. 13

                4.      Defendants Do Not Exercise Complete Authority Over JinkoSolar (U.S.) Inc.'s General Policies ................. 14

                5.      JinkoSolar (U.S.) Inc. Exercises Complete Authority Over Its Daily Operations, Which Are Kept Separate From Defendants ............... 14

                6.      Parties With Whom Defendants and JinkoSolar (U.S.) Inc. Come Into Contact Are Apprised of Their Separate Identities ......................... 15

                7.      Defendants and JinkoSolar (U.S.) Inc. Do Not Share Offices or Property ....................... 15

8.  Defendants and JinkoSolar (U.S.) Inc. Do Not Pay Wages to Each Other's Employees ................................................................. 15

9.  Defendants and JinkoSolar (U.S.) Inc. Do Not Share Employees and Such Employees Do Not Render Services on Behalf of the Other Companies' Employees ................................................. 16

10. Defendants and JinkoSolar (U.S.) Inc. File Separate Financial Returns ................................................................................ 16

11. JinkoSolar (U.S.) Inc. Does Not Operate With Grossly Inadequate Capital and Does Not Rely on Defendants for Financing........................ 16

12. JinkoSolar (U.S.) Inc. Does Not Only Receive Business Given to It by Defendants ......................................................................... 16

13. Defendant Jinko Solar Co., Ltd. Indirectly Owns Stock in JinkoSolar (U.S.) Inc., and Defendants Share Common Officers, Directors, and Business Names with JinkoSolar (U.S.) Inc. ................... 17

B.  LONGi Cannot Carry Its Evidentiary Burden of Showing that Each Defendant and JinkoSolar (U.S.) Inc. Operate as a Single Entity ....................... 18

IV. CONCLUSION ............................................................................. 21

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adm'rs of Tulane Educ. Fund v. Ipsen, S.A.*,
    450 Fed. App'x. 326 (5th Cir. 2011) ...................................................................18

*Aetna Bus. Credit Inc. v. Universal Décor & Interior Design*,
    635 F.2d 434 (5th Cir. 1981) ............................................................................8

*Berry v. Lee*,
    428 F. Supp. 2d 546 (N.D. Tex. 2006) ...............................................................10

*Brewer v. Suzuki Motor of Am., Inc.*,
    2015 WL 4433046 (S.D. Tex. July 17, 2015)..........................................2, 9, 12, 19

*BRFHH Shreveport, LLC v. Willis-Knighton Med. Ctr.*,
    49 F.4th 520 (5th Cir. 2022) ......................................................................12, 20

*Brooks & Baker, L.L.C. v. Flambeau, Inc.*,
    2011 WL 4591905 (E.D. Tex. Sep. 30, 2011) .......................................................10

*Fundamental Innovation Sys. Int'l, LLC v. ZTE Corp.*,
    2018 WL 3330022 (N.D. Tex. Mar. 16, 2018) ......................................3, 9, 18, 20

*Glencore Ltd. v. Occidental Arg. Expl. & Prod., Inc.*,
    2012 WL 591226 (S.D. Tex. Feb. 22, 2012) ...........................................................8

*In re Great Lakes Dredge & Dock Co.*,
    624 F.3d 201 (5th Cir. 2010) ......................................................................12, 20

*Hargrave v. Fibreboard Corp.*,
    710 F.2d 1154 (5th Cir. 1983) ..................................................................... *passim*

*IntelliGender, LLC. v. Soriano*,
    2011 WL 903342 (E.D. Tex. Mar. 15, 2011) ..........................................................8

*Lisson v. ING Groep N.V.*,
    262 F. App'x 567 (5th Cir. 2007) .....................................................................2, 9

*McGuire v. Sigma Coatings, Inc.*,
    48 F.3d 902 (5th Cir. 1995) ...............................................................................8

*Miles v. Am. Telephone & Telegraph Co.*,
    703 F.2d 193 (5th Cir. 1983) .....................................................................10, 19, 20

*In re Multiponics, Inc.*,
    622 F.2d 709 (5th Cir. 1980) ................................................................................9

*Special Indus., Inc. v. Zamil Group Holding, Co.*,
    578 F. App'x 325 (5th Cir. 2014) ................................................................2, 9, 12

*Wilco Marsh Buggies & Draglines, Inc. v. EIK Eng'g SDN. BHD.*,
    2020 WL 6154189 (W.D. Tex. Feb. 26, 2020) ............................................. *passim*

## STATEMENT OF THE ISSUES TO BE DECIDED

Whether the case should be dismissed under Fed. R. Civ. P. 12(b)(5) because Plaintiff LONGi Green Energy Technology Co. Ltd.'s ("LONGi") failed to effectuate sufficient service of process on any of Defendants Jinko Solar Co., Ltd., JinkoSolar Holding Co., Ltd., Jinko Solar Technology Sdn. Bhd., and Jinko Solar (Vietnam) Industries Co. Ltd. ("Defendants").

## I.    INTRODUCTION

It takes little penetration to see that LONGi filed its lawsuit against carefully selected, foreign Jinko Solar entities in Texas, rather than simply naming the Jinko Solar U.S. entity—because doing so would have automatically venued the case elsewhere.  That is LONGi's choice, but it cannot skirt the requirements for service on the foreign entities it selected.[1]  Yet, that is precisely what it seeks to do, by serving the purposefully-excluded U.S. entity, and then claiming the foreign named ones have been served as a consequence.  That is not the law.

LONGi seeks an end run around the requirements of Federal Rule of Civil Procedure 4 by attempting service on a non-party—JinkoSolar (U.S.) Inc., who is a subsidiary of Defendant Jinko Solar Co., Ltd. But the Fifth Circuit is clear that a parent must "actually authorize[]" a subsidiary to accept service of process on its behalf. *Brewer v. Suzuki Motor of Am., Inc.*, 2015 WL 4433046, at *1 (S.D. Tex. July 17, 2015) (quoting *Lisson v. ING Groep N.V.*, 262 F. App'x 567, 569 (5th Cir. 2007)). Even "[i]f a foreign defendant has not actually authorized the subsidiary, service of process by serving the subsidiary is valid only if '[t]he relationship between the subsidiary and parent [is] such that they are in reality the same corporation,'" or, in other words, the subsidiary acts as the alter ego of the parent. *Id.* (quoting *Special Indus., Inc. v. Zamil Group Holding, Co.,* 578 F. App'x 325, 332 (5th Cir. 2014)). Here, LONGi has made no showing that JinkoSolar (U.S.) Inc. is so authorized, or that it acts as the alter ego of any Defendant. As set forth below, the record is clear that JinkoSolar (U.S.) Inc. and Defendants do not operate as a "single entity" sufficient to establish that service on JinkoSolar (U.S.) Inc.

---

[1] To the extent it was intending to abridge the formal requirements of foreign service, LONGi never sought the Court's permission for alternative service.

effectuates proper service on Defendants. *Fundamental Innovation Sys. Int'l, LLC v. ZTE Corp.*, 2018 WL 3330022, at \*3 (N.D. Tex. Mar. 16, 2018).

Despite LONGi's failure to provide proper service of process, in the spirit of compromise, Defendants reached out to LONGi multiple times in an attempt to find common ground and reach a mutual agreement on service. LONGi declined. Defendants now file this motion to dismiss.

## II.    FACTUAL BACKGROUND

### A.    The Complaint and Service

On January 17, 2025, LONGi filed the Complaint against Defendants alleging infringement of U.S. Patent No. 9,515,214. LONGi issued summons as to each Defendant "c/o JinkoSolar (U.S.) Inc.," a subsidiary of Jinko Solar Co., Ltd. not a party to this litigation. Dkt. 6. To Defendants' knowledge, LONGi has made no other attempts to effectuate proper service of process.

The Complaint states that two Defendants—Jinko Solar Co., Ltd. and JinkoSolar Holding Co., Ltd.—"would be apprised of the service of this Complaint when it is served on [JinkoSolar (U.S.) Inc]." Dkt. No. 1 ¶ 18. Beyond this allegation, the Complaint makes no other reference to proper service with respect to this litigation. The Complaint also includes unsubstantiated allegations related to non-party JinkoSolar (U.S.) Inc.'s business activities and corporate structure, including statements that JinkoSolar (U.S.) Inc. imports and sells Defendants' "solar cell" products, is a wholly-owned subsidiary of Defendant Jinko Solar Co., Ltd., shares common directors and officers with Defendants, and is "directly controlled" by Jinko Solar Co., Ltd. or JinkoSolar Holding Co., Ltd. *See* Dkt. No. 1 ¶¶ 12–14, 17, 19. But nothing in the Complaint supports these conclusory allegations, or indicates that they have any bearing on proper service.

### B.    Defendants and JinkoSolar (U.S.) Inc.

3

The relevant facts make plain that the Jinko entities at issue in this motion maintain corporate formalities, undermining LONGi's reliance on an alter ego theory for service of process. Specifically, non-party JinkoSolar (U.S.) Inc. is a distinct corporate entity from any of the four Defendants.

**Jinko Solar Co., Ltd.**  Defendant Jinko Solar Co., Ltd. is a company headquartered in China with over 1,500 employees. Cao Decl. ¶ 4. Jinko Solar Co., Ltd. has no offices, properties, or employees located in the United States. *Id.* ¶ 5. Its board of directors is comprised of Xiande Li, Xianhua Li, Kangping Chen, Yi Shu, Yizheng Qiu, Junqi Shi, and Rui Jia. *Id.* ¶ 6. Its executive officers include Kang Ping Chen (General Manager), Haiyun Cao (Vice General Manager), Gen Miao (Vice General Manager), Hao Jin (Vice General Manager), and Rui Jiang (Secretary of the Board of Directors). *Id.* ¶ 7. Jinko Solar Co., Ltd. has never designated an agent for service of process in the United States. *Id.* ¶ 12.

**JinkoSolar Holding Co., Ltd.**  Defendant JinkoSolar Holding Co., Ltd. is a company headquartered in the Cayman Islands. X. Li Decl. ¶ 4. JinkoSolar Holding Co., Ltd. has no offices, properties, or employees located in the United States. *Id.* Its board of directors is comprised of Xiande Li, Xianhua Li, Wing Keong Siew, Stephen Markscheid, Haiyun Cao, and Gang Chu. *Id.* ¶ 5. Its executive officers include Xiande Li (CEO) and Mengmeng Li (CFO). *Id.* ¶ 6. JinkoSolar Holding Co., Ltd. has never designated an agent for service of process in non-securities litigation in the United States.[2] *Id.* ¶ 12.

---

[2] JinkoSolar Holding Co., Ltd. has only appointed JinkoSolar (U.S.) Inc. for service of securities litigation brought in the Southern District of New York under the federal securities laws or in the Supreme Court of the State of New York in the County of New York under the securities laws of the State of New York, and not for any other purpose. X. Li Decl. ¶ 12; *see, e.g.*, https://www.sec.gov/Archives/edgar/data/1481513/000114420417042339/v472796_f3.htm at 33 ("We have appointed JinkoSolar (U.S.) Inc. as our agent to receive service of process with respect to any action brought against us in the United States District Court for the Southern (continued…)

**Jinko Solar Technology Sdn. Bhd.**  Defendant Jinko Solar Technology Sdn. Bhd. is a company headquartered in Malaysia with around 200 employees. Lim Decl. ¶ 4. Jinko Solar Technology Sdn. Bhd. has no offices, properties, or employees located in the United States. *Id.* ¶ 5. Its board of directors is comprised of Xiande Li, Kangping Chen, and Lee Swee Lim. *Id.* ¶ 6. Its sole executive officer is Lee Swee Lim. *Id.* ¶ 7. Jinko Solar Technology Sdn. Bhd. has never designated an agent for service of process in the United States. *Id.* ¶ 10.

**Jinko Solar (Vietnam) Industries Co. Ltd.**  Defendant Jinko Solar (Vietnam) Industries Co. Ltd. is a company headquartered in Vietnam with over 2,600 employees. Xinyou Decl. ¶ 4. Jinko Solar (Vietnam) Industries Co. Ltd. has no offices, properties, or employees located in the United States. *Id.* ¶ 5. Its board of directors is comprised of Xiande Li and Jingwei Chen. *Id.* ¶ 6. Its executive officers include Xiande Li (President) and Jingwei Chen (Legal Representative). *Id.* ¶ 7. Jinko Solar (Vietnam) Industries Co. Ltd. has never designated an agent for service of process in the United States. *Id.* ¶ 10.

JinkoSolar (U.S.) Inc. is a non-party, U.S.-based subsidiary of Defendant Jinko Solar Co., Ltd. H. Li Decl. ¶¶ 4, 8. JinkoSolar (U.S.) Inc. is headquartered in California and employs over 70 employees. *Id.* ¶ 4. It maintains sales offices in Campbell, California. *Id.* ¶ 5. It has no offices, properties, or employees in China, the Cayman Islands, Malaysia, or Vietnam. *Id*. Its board of directors is comprised of Xiande Li and Gen Miao. *Id.* ¶ 6. Its executive officers include Xiande Li (CEO) and Gen Miao (CFO). *Id.* ¶ 7. JinkoSolar (U.S.) Inc. is registered with the Secretary of State in California and has designated a registered agent in Campbell, California. *Id.* ¶ 9. Its daily

---

District of New York under the federal securities laws of the United States or any action brought against us in the Supreme Court of the State of New York in the County of New York under the securities laws of the State of New York.") This limited appointment is made in compliance with The Securities Act of 1933 and is not applicable in the present litigation.

operations are directed by JinkoSolar (U.S.) Inc.'s U.S.-based team. *Id.* ¶¶ 5, 10, 12. The U.S.-based team makes its own high-level decisions on behalf of JinkoSolar (U.S.) Inc., including the company's general policies and overall strategic operations. *Id.*

JinkoSolar (U.S.) Inc. sells and provides customer service support for photovoltaic module products (*i.e.*, solar panels), including products sold under the Jinko Solar Co., Ltd. brand. *Id.* ¶ 4. JinkoSolar (U.S.) Inc. operates separately from Defendants, including Jinko Solar Co., Ltd., relying on separate employees, financing, and other resources. *Id.* ¶¶ 5, 10, 13, 15. The companies carefully observe corporate formalities befitting their status as separate entities, as illustrated by:

- JinkoSolar (U.S.) Inc. and the Defendants file their own separate financial statements and returns in their respective countries. *Id.* ¶ 14; X. Li Decl. ¶ 16; Xinyou Decl. ¶ 15; Lim Decl. ¶ 15; Cao Decl. ¶ 16.

- JinkoSolar (U.S.) Inc. and the Defendants keep separate accounts and bookkeeping. H. Li Decl. ¶ 14; X. Li Decl. ¶ 16; Xinyou Decl. ¶ 15; Lim Decl. ¶ 15; Cao Decl. ¶ 16.

- JinkoSolar (U.S.) Inc. and the Defendants employ different individuals and each separately pay the wages for their own employees. H. Li Decl. ¶ 13; X. Li Decl. ¶ 15; Xinyou Decl. ¶ 14; Lim Decl. ¶ 14; Cao Decl. ¶ 15.

- JinkoSolar (U.S.) Inc. runs its own daily operations and dictates its own general policies. H. Li Decl. ¶¶ 5, 10, 12.

- JinkoSolar (U.S.) Inc. and the Defendants treat each other as separate entities, issuing invoices and entering agreements with each other in regard to their business dealings. H. Li Decl. ¶¶ 10–11; X. Li Decl. ¶ 13; Xinyou Decl. ¶¶ 11–12; Lim Decl. ¶¶ 11–12; Cao Decl. ¶ 13.

- JinkoSolar (U.S.) Inc. is independently capitalized, currently holding over ████████ in available operating capital, which is sufficient to run its daily operations, cover any loans or debts, and support general growth of its business. H. Li Decl. ¶ 15.

- JinkoSolar (U.S.) Inc. maintains offices in California, without relying on any financing from Defendants. H. Li Decl. ¶¶ 5, 15; X. Li Decl. ¶ 17; Xinyou Decl. ¶ 16; Lim Decl. ¶ 16; Cao Decl. ¶ 17.

- JinkoSolar (U.S.) Inc. pays for its own costs and expenses associated with its business operations, not Defendants. H. Li Decl. ¶ 15; X. Li Decl. ¶ 17; Xinyou Decl. ¶ 16; Lim Decl. ¶ 16; Cao Decl. ¶ 17.

- JinkoSolar (U.S.) Inc.'s and the Defendants' employees each only provide services for their respective companies, and not each other. H. Li Decl. ¶ 13; X. Li Decl. ¶ 15; Xinyou Decl. ¶ 14; Lim Decl. ¶ 14; Cao Decl. ¶ 15.

- JinkoSolar (U.S.) Inc. and the Defendants hold separate board meetings, on different dates and with different agendas. H. Li Decl. ¶ 16; X. Li Decl. ¶ 18; Xinyou Decl. ¶ 17; Lim Decl. ¶ 17; Cao Decl. ¶ 18.

- JinkoSolar (U.S.) Inc. separately interfaces with its U.S. customers outside of its parent-subsidiary relationship with Jinko Solar Co., Ltd. and does not rely on Defendants to provide it with business. H. Li Decl. ¶ 17; X. Li Decl. ¶ 19; Xinyou Decl. ¶ 18; Lim Decl. ¶ 18; Cao Decl. ¶ 19.

- JinkoSolar (U.S.) Inc. and the Defendants each have their own separate bylaws. H. Li Decl. ¶ 12; X. Li Decl. ¶ 14; Xinyou Decl. ¶ 13; Lim Decl. ¶ 13; Cao Decl. ¶ 14.

- JinkoSolar (U.S.) Inc. and the Defendants have never provided each other with power of attorney over each other. H. Li Decl. ¶ 18; X. Li Decl. ¶ 20; Xinyou Decl. ¶ 19; Lim Decl. ¶ 19; Cao Decl. ¶ 20.

JinkoSolar (U.S.) Inc. and Defendants also present themselves as distinct entities to the public, as illustrated by:

- JinkoSolar (U.S.) Inc. and the Defendants maintain their own separate websites. H. Li Decl. ¶ 19; X. Li Decl. ¶ 21; Xinyou Decl. ¶ 20; Lim Decl. ¶ 20; Cao Decl. ¶ 21.

- JinkoSolar (U.S.) Inc. and the Defendants maintain separate business profiles and social media accounts, including on LinkedIn, Facebook, X (Twitter), Instagram, and YouTube. H. Li Decl. ¶ 19; X. Li Decl. ¶ 21; Xinyou Decl. ¶ 20; Lim Decl. ¶ 20; Cao Decl. ¶ 21.

- JinkoSolar (U.S.) Inc. customers complete purchases and receive customer service support solely from JinkoSolar (U.S.) Inc. employees during the provision of its sales and customer service offerings. H. Li Decl. ¶ 17; X. Li Decl. ¶ 19; Xinyou Decl. ¶ 18; Lim Decl. ¶ 18; Cao Decl. ¶ 19. On occasion, JinkoSolar (U.S.) clients have requested factory tours from JinkoSolar (U.S.)'s upstream providers, including at Jinko Solar Technology Sdn. Bhd.'s and Jinko Solar (Vietnam) Industries Co. Ltd.'s facilities in Malaysia and Vietnam, respectively. Beyond these occasional tours, JinkoSolar (U.S.) Inc. customers do not have any contact with Defendants. H. Li Decl. ¶ 17; X. Li Decl. ¶ 19; Xinyou Decl. ¶ 18; Lim Decl. ¶ 18; Cao Decl. ¶ 19.

- JinkoSolar (U.S.) Inc. customers are aware they are interacting solely with JinkoSolar (U.S.) Inc.—a U.S. entity— as they are not required to import their purchases and

interface with U.S. Customs. H. Li Decl. ¶ 20; X. Li Decl. ¶ 22; Xinyou Decl. ¶ 21; Lim Decl. ¶ 21; Cao Decl. ¶ 22.

## II.    LEGAL STANDARD

### A.    Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(5)

In the Fifth Circuit, "[d]istrict courts cannot exercise jurisdiction over a defendant which has not been served properly." *Glencore Ltd. v. Occidental Arg. Expl. & Prod., Inc.*, 2012 WL 591226, at *2 (S.D. Tex. Feb. 22, 2012) (internal citation omitted). Furthermore, "[a]ctual notice of the litigation does not satisfy the requirement of proper service of a summons under Rule 4." *McGuire v. Sigma Coatings, Inc.*, 48 F.3d 902, 907 (5th Cir. 1995).

Under Federal Rule of Civil Procedure 12(b)(5), an action may be dismissed when a plaintiff fails to effectuate proper service of process. *See* Fed. R. Civ. P. 12(b)(5). "When service of process is challenged, the party on whose behalf it is made must bear the burden of establishing its validity." *Aetna Bus. Credit Inc. v. Universal Décor & Interior Design*, 635 F.2d 434, 435 (5th Cir. 1981). When faced with a Rule 12(b)(5) motion, a district court "normally has discretion to either dismiss the action or simply to quash service." *IntelliGender, LLC. v. Soriano*, 2011 WL 903342, at *5 (E.D. Tex. Mar. 15, 2011).

### B.    Methods of Service on a Foreign Defendant Under Rule 4

Federal Rule of Civil Procedure 4 sets forth the requirements for service of process. Rule 4(h) governs service of process on a corporation, stating that unless otherwise provided by federal law, a business entity (including a foreign corporation) must be served as follows:

(1) in a judicial district of the United States:

    (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

    (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by

> statute and the statute so requires—by also mailing a copy of each to the defendant; or

(2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Fed. R. Civ. P. 4(h). As LONGi attempted service in California for a lawsuit pending in Texas, the service must satisfy the Texas long-arm statute for service. *See* Tex. Civ. Prac. & Rem. Code § 17.043.

> Option 1: Indirect Service of Process on a Domestic Agent or "Alter Ego" Within the United States

In Texas, indirect service of process—service upon a foreign defendant by serving its domestic subsidiary—is valid when the defendant has "actually authorized" the subsidiary to accept service of process on its behalf. *Brewer*, 2015 WL 4433046, at *1. "If a foreign defendant has not actually authorized the subsidiary, service of process by serving the subsidiary is valid only if '[t]he relationship between the subsidiary and parent [is] such that they are in reality the same corporation. Typically, this requires the corporate separation to be a fiction.'" *Id.* (quoting *Special Indus.* 587 F. App'x at 332). "In other words, the subsidiary must be the alter ego of the parent." *Fundamental*, 2018 WL 3330022, at *3. "[T]he burden of proving an alter ego relationship rests squarely on the shoulders of the party seeking to disregard the corporate entity . . . ." *In re Multiponics, Inc.*, 622 F.2d 709, 723 (5th Cir. 1980).

In order to show that service was proper under an alter ego theory, the plaintiff must show that the "foreign corporation exercises such control over the domestic subsidiary that the two entities are essentially one." *Fundamental*, 2018 WL 3330022, at *3 (quoting *Lisson*, 262 F. App'x at 570). In the Fifth Circuit, courts look to a variety of factors originating from *Hargrave v. Fibreboard* to determine whether or not such an alter ego relationship exists, including:

> (1) amount of stock owned by the parent of the subsidiary; (2) did the two corporations have separate headquarters; (3) did they have common officers and directors; (4) did they observe corporate formalities; (5) did they maintain separate accounting systems; (6) did the parent exercise complete authority over general policy; (7) did the subsidiary exercise complete authority over daily operations.

*Brooks & Baker, L.L.C. v. Flambeau, Inc.*, 2011 WL 4591905, at *5 (E.D. Tex. Sep. 30, 2011)

(citing *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1159 (5th Cir. 1983)). Other courts in the

Fifth Circuit have since identified other related factors, including whether:

> (8) daily operations of the companies are kept separate; (9) parties with whom the companies come into contact are apprised of the companies' separate identities; (10) the companies share offices, employees, or financing; (11) one company pays wages to the other company's employees; (12) the employees of one corporation render services on behalf of the other corporation; (13) the companies file separate tax returns: (14) common business names; (15) the subsidiary operates with grossly inadequate capital; (16) the subsidiary receives no business except that given to it by the parent; (17) the parent caused the incorporation of the subsidiary; and (18) the corporations share property.

*Wilco Marsh Buggies & Draglines, Inc. v. EIK Eng'g SDN. BHD.*, 2020 WL 6154189, at *2

(W.D. Tex. Feb. 26, 2020).

"No single factor is determinative, and the ultimate question is one of control." *Berry v.

Lee*, 428 F. Supp. 2d 546, 554 (N.D. Tex. 2006). However, "Texas courts are loathe to merge the

separate legal identities of parent and subsidiary unless the latter exists as a mere tool or 'front'

for the parent, or the corporate fiction is utilized to achieve an inequitable result, or to conceal

fraud or illegality." *Hargrave*, 710 F.2d at 1162 (quoting *Miles v. Am. Telephone & Telegraph

Co.*, 703 F.2d 193 (5th Cir. 1983)). Following this reasoning, the Fifth Circuit has held that

"[p]roof of an identity of shareholders or of corporate directors and officers, or of domination by

the parent of its subsidiary's affairs, will not justify treatment of the two as one business unit. Nor

does the parent's ownership of 100 percent of the subsidiary's stock alone defeat their separate

existence." *Id.*

<u>Option 2: Service Abroad Under Rule 4(f)</u>

Under Rule 4(f), a party may accomplish service on a corporation outside the United States by any one of three methods:

(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(2) if there is no internationally agreed means . . . by a method that is reasonably calculated to give notice . . .

(A) as prescribed by the foreign country's law for service in that country . . .

(B) as the foreign authority directs in response to a letter rogatory or letter of request; or

(C) unless prohibited by the foreign country's law, by: . . . (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

(3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f). China, the Cayman Islands (as a territory of the United Kingdom), and Vietnam are each a party to the Hague Service Convention, making service appropriate under Rule 4(f)(1) through the Hague for Defendants Jinko Solar Co., Ltd., JinkoSolar Holding Co., Ltd., and Jinko Solar (Vietnam) Industries Co. Ltd., respectively. https://www.hcch.net/en/instruments/conventions/status-table/?cid=17. However, as Malaysia is not a party to the Hague Service Convention, Rule 4(f)(1) is inapplicable to Jinko Solar Technology Sdn. Bhd. *Id*. LONGi has made no request for alternative service under Rule 4(f)(3), nor attempted to provide service through the Hague for the applicable parties, and thus bears the burden to show that service on Defendants was proper under Rule 4(f)(2).

## III.    ARGUMENT

LONGi's failure to properly serve any of the Defendants warrants dismissal.  LONGi made no attempt to actually serve any of the Defendants; instead, in the interest of retaliating

against Defendants for litigation brought against LONGi in other countries, LONGi deemed service complete by delivering the Complaint and summons upon the California registered agent of JinkoSolar (U.S.) Inc., a subsidiary of Defendant Jinko Solar Co. Ltd. and a third party not involved in this lawsuit. In its Complaint, LONGi tellingly never claims to be appropriately serving Defendants through JinkoSolar (U.S.) Inc., only that Defendants "would be apprised" of the Complaint by service upon JinkoSolar (U.S.) Inc. *See* Dkt. No. 1 ¶ 18. The Court is not required to accept conclusory allegations as true. *See BRFHH Shreveport, LLC v. Willis-Knighton Med. Ctr.*, 49 F.4th 520, 525 (5th Cir. 2022) (at the pleading stage, "conclusory allegations, unwarranted factual inferences, or legal conclusions" are not accepted as true (quoting *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010))).

"If a foreign defendant has not actually authorized the subsidiary, service of process by serving the subsidiary is valid only if '[t]he relationship between the subsidiary and parent [is] such that they are in reality the same corporation.'" *Brewer*, 2015 WL 4433046, at *1 (quoting *Special Indus.*, 578 F. App'x at 332). Thus, unless JinkoSolar (U.S.) Inc. is in reality "the same corporation"—or, the alter ego of—each of the Defendants individually, service upon JinkoSolar (U.S.) Inc. does not effectuate proper service on any of the Defendants.

Other courts in the Fifth Circuit have previously faced this alter ego issue in the context of proper service of process, analyzing the relationship between the entities in question under a multi-factor analysis. Recently, the *Wilco* court collected an extensive list of potential factors in the alter ego analysis, stemming from the Fifth Circuit's decision in *Hargrave*. *See Wilco*, 2020 WL 6154189, at *2 (citing *Hargrave*, 710 F.2d at 1159). The facts before this Court closely mirror those before the *Wilco* court, with nearly every factor weighing heavily against finding an

12

alter ego relationship between JinkoSolar (U.S.) Inc. and each Defendant and warrant the same result—dismissal of the plaintiff's claims.

**A.    The Factors Heavily Weigh Against Finding That JinkoSolar (U.S.) Inc. Is the Alter Ego of Each Defendant**

*1.    Defendants and JinkoSolar (U.S.) Inc. Have Separate Headquarters*

Each of the Defendants has its own distinct headquarters separate from JinkoSolar (U.S.) Inc, which is itself headquartered in California. H. Li Decl. ¶ 4. Jinko Solar Co., Ltd. is headquartered in China. Cao Decl. ¶ 4. JinkoSolar Holding Co., Ltd. is headquartered in the Cayman Islands. X. Li Decl. ¶ 4. Jinko Solar Technology Sdn. Bhd. is headquartered in Malaysia. Lim Decl. ¶ 4. Jinko Solar (Vietnam) Industries Co. Ltd. is headquartered in Vietnam. Xinyou Decl. ¶ 4.

*2.    Defendants and JinkoSolar (U.S.) Inc. Observe Corporate Formalities*

The Defendants and JinkoSolar (U.S.) Inc. observe corporate formalities making clear that JinkoSolar (U.S.) Inc. operates separately from each Defendant. JinkoSolar (U.S.) Inc. holds its own separate board meetings with its own agendas, keeps separate books and accounts, has its own distinct bylaws, separately files financial returns, and maintains its own website distinct from any Defendant. H. Li Decl.  ¶¶ 12, 14, 16, 19; X. Li Decl. ¶¶ 14, 16, 18, 21; Xinyou Decl. ¶¶ 13, 15, 17, 20; Lim Decl. ¶¶ 13, 15, 17, 20; Cao Decl. ¶¶ 14, 16, 18, 21. JinkoSolar (U.S.) Inc. also operates independently, including through paying its own bills and expenses and entering contracts in its own name. H. Li Decl. ¶¶ 11, 15; X. Li Decl. ¶ 17; Xinyou Decl. ¶¶ 12, 16; Lim Decl. ¶¶ 12, 16; Cao Decl. ¶ 17.

*3.    Defendants and JinkoSolar (U.S.) Inc. Maintain Separate Accounting Systems*

13

JinkoSolar (U.S.) Inc. maintains its own separate books and accounting systems from Defendants, who each maintain their own books and systems. H. Li Decl. ¶ 14; X. Li Decl. ¶ 16; Xinyou Decl. ¶ 15; Lim Decl. ¶ 15; Cao Decl. ¶ 16.

**4. Defendants Do Not Exercise Complete Authority Over JinkoSolar (U.S.) Inc.'s General Policies**

None of the Defendants exercise complete authority over JinkoSolar (U.S.) Inc.'s general policies. As a parent to subsidiary JinkoSolar (U.S.) Inc., Jinko Solar Co. Ltd. does provide some guidance to JinkoSolar (U.S.) Inc., but JinkoSolar (U.S.) Inc.'s work policies and guidelines are ultimately determined independently by its General Manager Nigel Cockroft. H. Li Decl. ¶ 12; X. Li Decl. ¶ 14; Xinyou Decl. ¶ 13; Lim Decl. ¶ 13; Cao Decl. ¶ 14.

**5. JinkoSolar (U.S.) Inc. Exercises Complete Authority Over Its Daily Operations, Which Are Kept Separate From Defendants**

JinkoSolar (U.S.) Inc. operates its daily business independently from Defendants. In the ordinary course of its business, JinkoSolar (U.S.) Inc. sells and provides customer service for various photovoltaic module products. H. Li Decl. ¶ 4. Defendants do not provide these services in the United States, including to JinkoSolar (U.S.) Inc. customers. X. Li Decl. ¶ 22; Xinyou Decl. ¶¶ 18, 21; Lim Decl. ¶¶ 18, 21; Cao Decl. ¶ 22. On occasion, JinkoSolar (U.S.) Inc. sales associates have accompanied customers on requested factory tours of JinkoSolar (U.S.) Inc.'s upstream providers when approved by the providers, which has included tours in Jinko Solar Technology Sdn. Bhd.'s and Jinko Solar (Vietnam) Industries Co. Ltd.'s facilities in Malaysia and Vietnam, respectively. H. Li Decl. ¶ 17; Xinyou Decl. ¶ 18; Lim Decl. ¶ 18. Defendants do not exercise control over JinkoSolar (U.S.) Inc.'s services and beyond these occasional factory tours do not have any contact with JinkoSolar (U.S.) Inc.'s customers. H. Li Decl. ¶¶ 12, 17; X. Li Decl. ¶¶ 14, 19; Xinyou Decl. ¶¶ 13, 18; Lim Decl. ¶¶ 13, 18; Cao Decl. ¶¶ 14, 19.

> 6. *Parties With Whom Defendants and JinkoSolar (U.S.) Inc. Come Into Contact Are Apprised of Their Separate Identities*

Parties who come into contact with Defendants and JinkoSolar (U.S) Inc. are clearly apprised of their status as separate entities. As noted above, JinkoSolar (U.S.) Inc. maintains a separate website from Defendants, which provides a listing of its own separate U.S.-based team and identifies its own sales capabilities and services. H. Li Decl. ¶ 19; X. Li Decl. ¶ 21; Xinyou Decl. ¶ 20; Lim Decl. ¶ 20; Cao Decl. ¶ 21. Moreover, beyond the occasional factory tours as discussed above, JinkoSolar (U.S.) Inc. customers interact solely with JinkoSolar (U.S.) Inc. employees. H. Li Decl. ¶ 17; X. Li Decl. ¶ 19; Xinyou Decl. ¶ 18; Lim Decl. ¶ 18; Cao Decl. ¶ 19. JinkoSolar (U.S.) Inc. also maintains its own separate business profiles and social media, such as on LinkedIn, Facebook, X (Twitter), Instagram, and YouTube. H. Li Decl. ¶ 19; X. Li Decl. ¶ 21; Xinyou Decl. ¶ 20; Lim Decl. ¶ 20; Cao Decl. ¶ 21. JinkoSolar (U.S.) Inc. customers are also aware that they are completing transactions with JinkoSolar (U.S.) Inc.—a U.S.-based company—and not with any of the Defendants—who each are headquartered abroad—as they are not required to import their purchases. H. Li Decl. ¶ 20.

> 7. *Defendants and JinkoSolar (U.S.) Inc. Do Not Share Offices or Property*

JinkoSolar (U.S.) Inc. does not share any common offices or property with any Defendant. JinkoSolar (U.S.) Inc. maintains its own offices and properties in the United States, including sales offices in Campbell, California. *Id.* ¶ 5. None of the Defendants make use of or otherwise treat JinkoSolar (U.S.) Inc.'s offices and properties as their own. H. Li Decl. ¶ 13; X. Li Decl. ¶ 15; Xinyou Decl. ¶ 14; Lim Decl. ¶ 14; Cao Decl. ¶ 15.

> 8. *Defendants and JinkoSolar (U.S.) Inc. Do Not Pay Wages to Each Other's Employees*

JinkoSolar (U.S.) Inc. pays its own employees and does not rely on any of the Defendants to finance these wages. H. Li Decl. ¶ 13; X. Li Decl. ¶ 15; Xinyou Decl. ¶ 14; Lim Decl. ¶ 14;

Cao Decl. ¶ 15. Similarly, JinkoSolar (U.S.) Inc. does not finance the wages of any of Defendants' employees. H. Li Decl. ¶ 13.

> 9. *Defendants and JinkoSolar (U.S.) Inc. Do Not Share Employees and Such Employees Do Not Render Services on Behalf of the Other Companies' Employees*

Beyond the few shared officers and directors as discussed below, Defendants and JinkoSolar (U.S.) Inc. do not share any employees. JinkoSolar (U.S.) Inc.'s employees are hired solely to work for JinkoSolar (U.S.) Inc. and do not provide any services on behalf of Defendants. H. Li ¶ 13; X. Li Decl. ¶ 15; Xinyou Decl. ¶ 14; Lim Decl. ¶ 14; Cao Decl. ¶ 15.

> 10. *Defendants and JinkoSolar (U.S.) Inc. File Separate Financial Returns*

As noted above, each Defendant and JinkoSolar (U.S.) Inc. files its own separate tax returns as appropriate to the jurisdiction. Jinko Solar Co., Ltd. files its tax returns in China. Cao Decl. ¶ 16. JinkoSolar Holding Co., Ltd. files its returns in the Cayman Islands. X. Li Decl. ¶ 16. Jinko Solar Technology Sdn. Bhd. files its tax returns in Malaysia. Lim Decl. ¶ 15. Jinko Solar (Vietnam) Industries Co. Ltd. files its tax returns in Vietnam. Xinyou Decl. ¶ 15. And JinkoSolar (U.S.) Inc. files its own separate tax returns in the United States. H. Li Decl. ¶ 14.

> 11. *JinkoSolar (U.S.) Inc. Does Not Operate With Grossly Inadequate Capital and Does Not Rely on Defendants for Financing*

JinkoSolar (U.S.) Inc. is independently capitalized and does not rely on any Defendant for its financing. JinkoSolar (U.S.) Inc. currently holds over ███████ in available operating capital, which is sufficient to run its daily operations, cover any loans or debts, and support general growth of its business. *Id.* ¶ 15. JinkoSolar (U.S.) Inc. also does not receive any financing from any Defendant to pay its expenses and support its daily operations. H. Li Decl. ¶ 15; X. Li Decl. ¶ 17; Xinyou Decl. ¶ 16; Lim Decl. ¶ 16; Cao Decl. ¶ 17.

> 12. *JinkoSolar (U.S.) Inc. Does Not Only Receive Business Given to It by Defendants*

JinkoSolar (U.S.) Inc. does not only receive its business from Defendants. JinkoSolar (U.S.) Inc. provides its own sales services, with its website providing potential customers with contact information to reach its sales team. H. Li Decl. ¶¶ 4, 5, 10, 17, 19. Defendants do not provide any sales services in the United States or provide JinkoSolar (U.S.) Inc. with any customers. H. Li Decl. ¶ 17; X. Li Decl. ¶¶ 19, 22; Xinyou Decl. ¶¶ 18, 21; Lim Decl. ¶¶ 18, 21; Cao Decl. ¶¶ 19, 22.

> ### 13. Defendant Jinko Solar Co., Ltd. Indirectly Owns Stock in JinkoSolar (U.S.) Inc., and Defendants Share Common Officers, Directors, and Business Names with JinkoSolar (U.S.) Inc.

JinkoSolar (U.S.) Inc. is a wholly-owned subsidiary of JinkoSolar (U.S.) Holdings Inc., which is in turn a wholly-owned subsidiary of Defendant Jinko Solar Co., Ltd., who thus caused the incorporation of JinkoSolar (U.S.) Inc. H. Li Decl. ¶ 8. JinkoSolar (U.S.) Inc. also shares two common officers and directors with Defendants—specifically, Xiande Li and Gen Miao. *Id.* ¶ 13. JinkoSolar (U.S.) Inc.'s remaining officers and directors are not involved in the operations of any of the Defendants, and vice versa. H. Li Decl. ¶¶ 6, 7, 13; X. Li Decl. ¶¶ 5, 6, 15; Xinyou Decl. ¶¶ 6, 7, 14; Lim Decl. ¶¶ 6, 7, 14; Cao Decl. ¶¶ 6, 7, 15. Defendants and JinkoSolar (U.S.) Inc. also share the common name "JinkoSolar," or "Jinko Solar."

*    *    *    *

As nearly every single factor weighs heavily in favor of finding no alter ego relationship, this Court should conclude that JinkoSolar (U.S.) Inc. does not act as the alter ego of any of the Defendants. The fact that JinkoSolar (U.S.) Inc. and Defendants share some officers and directors, common stock, and a root business name does not warrant a different outcome. The Fifth Circuit has held that "100% stock ownership and commonality of officers and directors are not alone sufficient to establish an alter ego relationship between two corporations." *Hargrave*, 710 F.2d at 1160. As the *Wilco* court previously noted—reaching a conclusion that no alter ego

17

relationship existed—these facts also stem from "the nature of a parent-subsidiary relationship" itself. *Wilco*, 2020 WL 6154189, at *2 n.2 (quoting *Adm'rs of Tulane Educ. Fund v. Ipsen, S.A.*, 450 Fed. App'x. 326, 332 (5th Cir. 2011)); *see also Fundamental*, 2018 WL 3330022, at *1 (finding no alter ego relationship despite complete stock ownership, shared trademarks and ZTE Corp. being "the primary developer and manufacturer of the products that ZTE USA imports, markets, and sells"). Thus, given that all other factors beyond the few stemming directly from "the nature of the parent-subsidiary relationship" weigh in favor of not finding an alter ego relationship, this Court should indeed conclude that no such relationship exists between JinkoSolar (U.S.) Inc. and any of the Defendants.

Because JinkoSolar (U.S) Inc. is not the alter ego of any of the Defendants, LONGi's attempt to serve JinkoSolar (U.S.) Inc. was not proper to effectuate service on Defendants, and thus the case should be dismissed under Fed. R. Civ. P. 12(b)(5).

### B.    LONGi Cannot Carry Its Evidentiary Burden of Showing that Each Defendant and JinkoSolar (U.S.) Inc. Operate as a Single Entity

The Complaint fails to allege facts sufficient to carry LONGi's burden to show that service on JinkoSolar (U.S.) Inc. would be adequate to effectuate proper service on Defendants. LONGi makes no attempt to identify any cognizable theory of proper service carried out on Defendants, or the appropriate federal rules or state legislation under which service through JinkoSolar (U.S.) Inc. was authorized. At best, the Complaint alleges that "[g]iven the close corporate relationship and common directors and officers" between Defendants and JinkoSolar (U.S.) Inc., as well as their "regular contacts," it is "reasonably certain that JinkoSolar and Jinko China would be apprised of the service of this Complaint when it is served on Jinko US."[3] Dkt.

---

[3] Defendants separately note that—even presuming this was sufficient to establish proper service on Defendants Jinko Solar Co., Ltd. and JinkoSolar Holding Co., Ltd.—LONGi does not present (continued…)

No. 1 ¶ 18. Even presuming these statements were true, this is not the standard. "If a foreign defendant has not actually authorized the subsidiary, service of process by serving the subsidiary is valid *only if* [t]he relationship between the subsidiary and parent [is] such that they are in reality the same corporation." *Brewer*, 2015 WL 4433046, at *3–4 (internal citation omitted) (emphasis added). But, as noted above, common directors and officers are "not alone sufficient to establish an alter ego relationship between two corporations." *Hargrave*, 710 F.2d 1154, 1160. Moreover, having a corporate relationship and contact between two entities is in "the nature of a parent-subsidiary relationship" itself. *Wilco*, 2020 WL 6154189, at *2 n.2. This does not suffice to overcome the fact that "Texas courts are loathe to merge the separate legal identities of parent and subsidiary unless the latter exists as a mere tool or 'front' for the parent, or the corporate fiction is utilized to achieve an inequitable result, or to conceal fraud or illegality." *Hargrave*, 710 F.2d at 1162 (quoting *Miles,* 703 F.2d at 195).

The remaining allegations in the Complaint should not alter the Court's conclusion that no alter ego relationship exists—and thus service was not properly effectuated on Defendants. Though the Complaint makes no other reference to the issue of proper service, LONGi makes the additional following claims regarding JinkoSolar (U.S.) Inc. that could be at least arguably relevant to the alter ego analysis: **(1)** that JinkoSolar (U.S.) Inc. sells "solar cells" exported by Defendants, Dkt. No. 1 ¶¶ 12–14, 19; **(2)** that JinkoSolar (U.S.) Inc. is the wholly-owned subsidiary of Jinko Solar Co., Ltd., *id.* ¶ 17; and **(3)** JinkoSolar (U.S.) Inc. is "directly controlled" by Jinko Solar Co., Ltd. and JinkoSolar Holding Co., Ltd, *id*. Even taken as true,

---

any theory of proper service on Defendants Jinko Solar Technology Sdn. Bhd. and Jinko Solar (Vietnam) Industries Co. Ltd. due to these allegations.

none of these allegations suffice to establish sufficient service of process on any of the Defendants individually, let alone all of them.

**First**, selling products manufactured and exported by another company does not make the two "a single entity," nor is this a factor contemplated by courts during an alter ego analysis. *Fundamental*, 2018 WL 3330022, at *3. **Second**, as explained above, the mere fact that JinkoSolar (U.S.) Inc. is a wholly-owned subsidiary of Jinko Solar Co., Ltd. (through JinkoSolar (U.S.) Holding Inc.) simply speaks to the nature of the parent-subsidiary relationship and is not sufficient to establish an alter ego connection. *Wilco*, 2020 WL 6154189, at *2 n.2. **Third**, as established above in Section IV.A, JinkoSolar (U.S.) Inc. is not "directly controlled" by any Defendant.[4] In support of this allegation, LONGi points solely to three statements on the jinkosolar.us website identifying a sales team in California, or US sales more generally. Dkt. No. 1 ¶ 17. Even assuming these statements were relevant to the alter ego analysis, these are statements made on the *JinkoSolar (U.S.) Inc.* website—which, as explained above, is separately maintained from any Defendant's website. It should come as no surprise—nor reflect any "direct control" on behalf of Defendants—that JinkoSolar (U.S.) Inc.'s website references its own sales services.

Based on the facts presented in the Complaint, LONGi has failed to show that service was properly effectuated on Defendants. By merely asserting that service on JinkoSolar (U.S.) Inc. was sufficient due to common directors and officers, or contact between the businesses, LONGi did not identify any cognizable theory of proper service under Rule 4 either within the

---

[4] At the pleading stage, "conclusory allegations, unwarranted factual inferences, or legal conclusions" are not accepted as true. *BRFHH Shreveport*, 49 F.4th at 525 (quoting *In re Great Lakes*, 624 F.3d at 210). Moreover, even if it were (it is not), "domination by the parent of its subsidiary's affairs[] will not justify treatment of the two as one business unit." *Hargrave*, 710 F.2d at 1162 (quoting *Miles*, 703 F.2d at 195).

United States or abroad, as required for service on foreign entities. Nor do the remaining pleadings serve to support an alter ego theory authorizing JinkoSolar (U.S.) Inc. to accept service on any Defendant's behalf. Thus, just as in *Wilco*, this Court should find that proper service was not effectuated on Defendants and grant Defendants' motion to dismiss.

## IV.    CONCLUSION

For the reasons explained above, Defendants respectfully request dismissal of the Complaint.

Dated:  March 17, 2025                              Respectfully submitted,

                                                    */s/ Jennifer P. Ainsworth*
                                                    Jennifer Parker Ainsworth
                                                    TX State Bar No. 00784720
                                                    jainsworth@wilsonlawfirm.com
                                                    WILSON ROBERTSON &
                                                    VANDEVENTER, P.C.
                                                    909 ESE Loop 323, Suite 400
                                                    Tyler, TX 75701
                                                    Telephone: (903) 509-5000
                                                    Facsimile: (903) 509-5091

                                                    Indranil Mukerji
                                                    imukerji@cov.com
                                                    Stephen Marshall
                                                    smarshall@cov.com
                                                    COVINGTON & BURLING LLP
                                                    One CityCenter
                                                    850 Tenth Street, NW
                                                    Washington, DC 20001-4956
                                                    (202) 662-6000

                                                    *Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was filed under seal, and then served by email to all counsel who have consented to electronic service, Local Rule CV-5(a), on this the 17th day of March, 2025.

*/s/ Jennifer P. Ainsworth*
Jennifer Parker Ainsworth

## <u>CERTIFICATE OF AUTHORITY TO FILE UNDER SEAL</u>

The undersigned certifies that a Motion for Leave to file this Motion to Dismiss under seal was filed immediately preceding this Motion to Dismiss and the Sealed Declaration attached thereto.

*/s/ Jennifer P. Ainsworth*
Jennifer Parker Ainsworth
